IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02009-BNB

SANFORD B. SCHUPPER,

    Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
LISA FITZGERALD,
RANDY OLGUIN,
JOE EASTON, and
JOHN & JANE DOES I TO X,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's request for a temporary restraining order that he includes within his civil rights complaint (ECF No. 1). Plaintiff alleges in connection with his first claim in the complaint that he is an Orthodox Jew and that he has refused to remove his side locks due to his religious beliefs. He seeks a temporary restraining order to prevent prison officials "from removing plaintiff's 'side locks' or requiring that plaintiff conceal them." (ECF No. 1 at 7.)

Pursuant to the Court's local rules, "[a]n application for temporary restraining order shall be made in a motion separate from the complaint." *See* D.C.COLO.LCivR 65.1A. Therefore, Plaintiff's request for a temporary restraining order will be denied without prejudice. Although the court must construe *pro se* filings liberally, Plaintiff's *pro se* status does not excuse his obligation to comply with the same rules of procedure that

govern other litigants. See *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Furthermore, the court should not act as an advocate for a *pro se* litigant. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, it is

ORDERED that Plaintiff's request for a temporary restraining order that is included within his civil rights complaint is DENIED without prejudice.

DATED at Denver, Colorado, this 8th day of August, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court