IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02009-WYD-BNB

SANFORD B. SCHUPPER,

Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
LISA FITZGERALD,
RANDY OLGUIN,
JOE EASTON, and
JOHN AND JANE DOES,

Defendants.
_____

**ORDER**
_____

The matter arises *sua sponte*. The plaintiff filed this action on July 30, 2012. Since then, he has littered the file with inappropriate filings, including the following letters, notices, and statements [Docs. ## 4, 9, 14, 18, 19, 23, 24, 28, 29, 30, 39, 43, 49, 51, 52,[1] 58, 60, 61, 66, 71, 73, 74, 79,[2] 80, 81, and 85] (the "Papers").

Some of the Papers are addressed to the Clerk of the Court, others to "Gentle People."

---

[1] Doc. #52 includes a notification of the plaintiff's change of address within two pages of rambling, handwritten text. The plaintiff filed an appropriate notice of change of address four days later [Doc. #55]. The plaintiff shall cease filing redundant papers. A notice of change of address shall concisely notify the court of the address change without superfluous commentary.

[2] The plaintiff states here and in other papers that he has not been served with a copy of the defendants' Motion to Dismiss [Doc. # 45] and Answer [Doc. # 46]. The defendants certify that they served the Motion to Dismiss and the Answer on the plaintiff at the Sterling Correctional Facility, which was the plaintiff's address of record at the time. Nevertheless, I will order the defendants to re-serve the plaintiff with these documents.

Many of the Papers seek relief from the court; some are merely notifications of alleged wrongdoings by prison officials; and some are statements in support of previously-filed motions. Most of the Papers do not contain a caption. The plaintiff does not certify that he served any of the Papers on counsel for the defendants. Many of the handwritten Papers are illegible. The Papers are stricken. With the exception of a notification of change of address, the plaintiff shall cease filing notifications and statements, and all future filings shall comply with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The local rules of this court prohibit ex parte communication with judicial officers:

> In the absence of previous authorization, no attorney or party to any proceeding shall send letters, pleadings or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys.

D.C.COLO.LCivR 77.2. Consequently, copies of all papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed. R. Civ. P. 5. Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, or any similar paper must be served on every party. Fed. R. Civ. P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed. R. Civ. P. 5(b). Service on other parties may be by mail. Id. Proof that service has been made is provided by a certificate of service. Id. at 5(d). This certificate should be filed along with the original papers and should show the day and manner of service. Id.

The plaintiff frequently complains that, for numerous and various reasons, he is unable to serve copies of his filings on counsel for the defendants. In addition, he has filed a "Request for Waiver of Service via Mail . . . ." [Doc. # 38] requesting that he be excused from the service

requirement.  The request is denied.  The plaintiff is required to serve his papers on counsel for the defendants, even if he must use carbon copies or handwrite duplicate copies.

In addition, "a request for a court order must be made by motion."  Fed. R. Civ. P. 7(b)(1).  "The rules governing captions and other matters of form in pleadings apply to motions and other papers."  Fed. R. Civ. P. 7(b)(2).  The plaintiff improperly submitted requests in the form of a letters, notices, and statements--not in the form of motions, as required.

Although several of the plaintiff's motions include appropriate captions, he does not certify that he served a copy of the motions on counsel for the defendants [Docs. ## 31, 34, 35, 36, and 68] (the "Motions").  The Motions are stricken.  As addressed previously, the plaintiff must serve copies of all motions on counsel for the defendants.

Finally, the plaintiff has filed two motions for injunctive relief.  The first was filed on August 21, 2012 [Doc. # 15].  Subsequently, the plaintiff filed five supplements to the motion [Docs. ## 16, 27, 39, 41, and 42].  The second motion for injunctive relief was filed on December 3, 2012 [Doc. # 69].  The plaintiff has filed four supplements to this motion [Docs. ## 72, 73, 77, and 82].  The plaintiff may not file multiple, piecemeal supplements to his motions.  Documents ## 15,16, 27, 39, 41, 42, 69, 72, 73, 77, and 82 are denied without prejudice, subject to refiling in compliance with the Federal Rules of Procedure and this order.

Any future motions for injunctive relief must include all pertinent facts, arguments, and supporting evidence within that motion; state clearly the injunctive relief sought; and provide a meaningful discussion of the factors discussed in Lundgrin v. Claytor, 619 F.2d 61 (10th

Cir.1980).[3]  Any future motions for injunctive relief shall be limited to ten handwritten pages or five typed pages, double-spaced, excluding exhibits.  Exhibits shall be limited to evidence which directly supports the request for injunctive relief.

The defendants filed their motion to dismiss on October 19, 2012.  Thus, this case is in its infancy.  However, the docket sheet reflects a total of 86 documents, most of them inappropriate filings by the plaintiff.  The plaintiff's inappropriate filings have rendered the case file unmanageable and chaotic.

I find that the plaintiff is engaged in abusive litigation tactics.  As the Tenth Circuit Court of Appeals has made clear:

> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.  No one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

The plaintiff is unnecessarily burdening the court.  Consequently, the plaintiff shall cease making inappropriate filings.

IT IS ORDERED:

(1)  Documents ## 4, 9, 14, 18, 19, 23, 24, 28, 29, 30, 39, 43, 49, 51, 52, 58, 60, 61, 66, 71, 73, 74, 79, 80, 81, and 85 are STRICKEN;

(2)  Documents ## 31, 34, 35, 36, and 68 are STRICKEN;

---

[3]To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).

(3)  The plaintiff shall cease filing inappropriate and redundant papers;

(4)  All papers shall be served on counsel for the defendants in accordance with Fed. R. Civ. P. 5 and shall be accompanied by a proper Certificate of Service;

(5)  All future applications to the court for relief shall be submitted in the form of a motion in compliance with Fed. R. Civ. P. 7;

(6)  All handwritten motions shall be legible;

(7)  Documents ## 15,16, 27, 39, 41, 42, 69, 72, 73, 77, and 82 are DENIED WITHOUT PREJUDICE;

(8)  Any future motions for injunctive relief shall be filed in compliance with the Federal Rules of Procedure and this order;

(9)  Failure to comply with this order will result in sanctions, including dismissal of this action with prejudice;

(10)  On or before **January 22, 2013**, the defendants shall serve the plaintiff with a copy of the Motion to Dismiss [Doc. # 45] and the Answer [Doc. # 46];

(11)  The plaintiff shall respond to the Motion to Dismiss on or before **February 22, 2013**; and

(12)  The plaintiff's "Request for Waiver of Service via Mail . . . ." [Doc. # 38] is DENIED.

Dated January 11, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge