IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02009-WYD-BNB

SANFORD B. SCHUPPER,

Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
LISA FITZGERALD,
RANDY OLGUIN,
JOE EASTON, and
JOHN AND JANE DOES,

Defendants.

---

**ORDER**

---

The matter arises on the following motions filed by the plaintiff:

(1) **Motion for Issuance of Subpoenas Duces Tecum Pursuant to USCS Fed Rules Civ Proc R 34 Requested in Support of Previously and Currently Sought Injunctive Relief** [Doc. #90, filed 01/18/2013] (the "Motion for Subpoena");

(2) **Motion for Enlargement of Time to File Response to "Answer" . . . and "Partial Motion to Dismiss" . . . .** [Doc. #98, filed 01/30/2013] (the "Motion for Enlargement of Time to Respond to Motion to Dismiss");

(3) **Sworn Motion for Issuance of a Writ of Mandamus to Be Also Constituted as Containing a Sworn Affidavit** [Doc. #113, filed 02/19/2013] (the "Motion for Issuance of a Writ");

(4) **Verified Motion to Be Excused from Compliance with D.C.COLO.LCivR 10.1 E (Double Spacing) and Request for Permission for the Arkansas Valley Correctional Facility to Make a Copy of the Local Rules and Judge Daniel's Practice Standards** [Doc. #116, filed 02/25/2013] (the "Motion Re: Local Rules");

(5) **Verified Motion for Appointment of Counsel** [Doc. #121, filed 03/04/2013] (the "Motion for Counsel");

(6) **Verified Motion for Appointment of Investigator** [Doc. #127[1], filed 03/13/2013] (the "Motion for Appointment of Investigator");

(7) **Verified Motion to Compel Responses to Interrogatories Pursuant to FRCivP 26(d)** [Doc. #127, filed 03/13/2013] (the "Motion to Compel");

(8) **Verified Motion for Ruling on "Motion for Issuance of Subpoenas . . ." Dated 15 January 2013 or in the Alternative, Motion for Issuance of a Certificate of Appealability** [Doc. #130, filed 03/18/2013] (the "Motion for Ruling");

(9) **Plaintiff's Verified Motion for Leave to Reply to and for Enlargement of Time to Reply to Defendants' "Response to Motion for Temporary Restraining Order . . . and Motion for Issuance of Mandamus . . . and Motion for Leave to Conduct Immediate Depositions** [Doc. #142, filed 04/18/2013] (the "Motion for Leave to File Reply"); and

(10) **Verified Renewed Motion for Leave to File Amended and Supplemental Complaint** [Doc. #152, filed 05/23/2013] (the "Motion for Leave to File Amended Complaint").

---

[1]Two motions and one affidavit were filed in the court's docketing system as Document 127.

**Motion for Subpoena [Doc. #90]**

The plaintiff requests that the court serve a subpoena duces tecum on the Custodian of Records for the Colorado Department of Corrections. The plaintiff states that the subpoena is in support of "previously and currently sought injunctive relief." All of the plaintiff's requests for injunctive relief that were filed prior to this motion have been denied without prejudice, subject to refiling in compliance with the Federal Rules of Procedure and my order dated January 11, 2013 [Doc. #87]. Accordingly, the Motion for Subpoena is DENIED as moot.

**Motion for Issuance of a Writ [Doc. #113]**

The plaintiff requests that this court "promptly ISSUE A MANDAMUS requiring the Colorado Department of Corrections and its agents to comply with their own Administrative Regulation AR 800-01 and Plaintiff's Religious and other Rights by immediately delivering . . . [his] talit katan and yarmulke . . . ." *Motion for Issuance of Writ*, p. 3, ¶ I. In a subsequent filing, the plaintiff admitted that he received his tallit katan and yarmulke, and he withdrew his request for a writ of mandamus. *Verified Motion for Temporary Restraining Order or Preliminary Injunction* . . . [Doc. #123], p. 5, ¶ D; p. 8, ¶ I; pp. 10-11.

The plaintiff's withdrawal of his request notwithstanding, a writ of mandamus serves "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The court lacks jurisdiction to issue a writ of mandamus against state officials. Adkins v. Sapien, No. 06-3104, 2006 WL 1875382, at *1 (10th Cir. July 7, 2006) (affirming dismissal of a petition for a writ of mandamus against state prison officials based on the absence of jurisdiction). See also Amisub (PSL), Inc. v. Colorado Department of Social Services, 879 F.2d 789, 790 (10th Cir. 1989)) (stating that "[n]o relief

against state officials or state agencies is afforded by § 1361"). The plaintiff may not file requests for writs of mandamus against state officials.

The plaintiff requests, in the alternative, that the court order the defendants to show cause why they "and their agents" violated the plaintiff's rights when officials at the Arkansas Valley Correctional Facility would not allow him to have the tallit katan and yarmulke. The plaintiff's Amended Complaint asserts three claims for relief. Claim One is asserted against defendant Fitzgerald for ordering him to cut off his sidelocks while confined at the Sterling Correctional Facility. Claims Two and Three relate to the plaintiff's confinement at the Arrowhead Correctional Facility prior to his transfer to the Sterling Correctional Facility. Claim Two alleges that defendant Olguin prevented him from participating in a religious observance in retaliation for sending a request to the warden. Claim Three is asserted against defendant Easton for causing him to be terminated from his prison job and to be transferred to the Sterling Correctional Facility in retaliation for the plaintiff's complaints regarding interference with his religious rights.

The plaintiff's current request is directed against officials at the Arkansas Valley Correctional Facility and concerns an event that is distinct from those alleged in the Amended Complaint. The plaintiff may not seek relief against individuals who are not named defendants and for events that are unrelated to his claims. The request for an order to show cause is denied.

**Motion Re: Local Rules [Doc. #116]**

The plaintiff requests to be excused from complying with Local Rule 10.1E which requires that all papers be double-spaced. D.C.COLO.LCivR 10.1E. He states that double-spacing "results in twice the copy expense at 25 cents per page"; increases the postage cost

approximately 40% or more"; and "presents an unfair burden upon this indigent, pro se Plaintiff."

The plaintiff initiated this case on July 30, 2012. The defendants filed a motion to dismiss on October 19, 2012 [Doc. #45]. The plaintiff has not responded to the motion to dismiss. Instead, he has inundated the court with inappropriate filings. To date, the file contains 156 docket entries. Over 40 of the plaintiff's filings have been stricken, and most of his motions have been denied. The plaintiff may not ease the "burden" of his copy expenses by avoiding the rules, especially when his goal is more appropriately accomplished by his cessation of unnecessary filings and abusive litigation conduct.

The plaintiff further requests "permission for the Arkansas Valley Correctional Facility to make a copy of the local rules and Judge Daniel's Practice Standards." The Arkansas Valley Correctional Facility is not a party to this case, and the court does not have jurisdiction over it.

The Motion Re: Local Rules is denied, and all future papers filed by the plaintiff shall be double-spaced in accordance with D.C.COLO.LCivR 10.1E.

**Motion for Counsel [Doc. #121]**

The plaintiff seeks appointment of counsel to represent him in this matter. I have broad discretion to direct the Clerk of the Court to appoint counsel for a plaintiff in a civil case. See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiff's Amended Complaint [Doc. #10] adequately presents his claims. The factual and legal issues raised by the plaintiff's claims are not complex. In addition, the allegations of the Amended Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong. Consequently, the Motion for Counsel is denied.

**Motion for Appointment of Investigator [Doc. #127]**

The plaintiff seeks appointment of an "investigator" to assist him "in discovery matters." He states that "[i]n July, August and November 2012 and recent[ly] on March 7, 2013," he filed motions for injunctive relief. He further states that "[t]here are factual controversies, discovery of numerous witnesses will be required throughout the State of Colorado" and "[i]t is impractical if not impossible for Plaintiff to conduct meaningful discovery given his incarcerated status."

The plaintiff does not provide any authority for court-funded investigators, and I am not aware of any. Although the plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case, section 1915 does not provide for court-funded investigators. The Supreme Court has held that expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. United States v. MacCollom, 426 U.S. 317, 321 (1976). The plain language of section 1915 does not provide for the appointment of investigators to aid an indigent litigant.

The motion fails for several other reasons. First, the plaintiff does not identify the nature of the requested discovery or the identity of the witnesses, nor does he explain why they are relevant to his claims. Second, a scheduling conference has not been set in this case, and will not be set until after a ruling on the defendants' motion to dismiss. Therefore, discovery has not yet commenced. Finally, the motions filed in July, August, and November 2012, are no longer

pending. Only the March 2013 motion is before the court and, separately, I have recommended that it be denied.

The Motion for Appointment of Investigator is denied.

**Motion to Compel [Doc. #127]**

The plaintiff seeks an order compelling the defendants to respond to an interrogatory related to his March 2013 motion for injunctive relief. Because I have recommended denial of the motion for injunctive relief, the Motion to Compel is denied as moot.

**Motion for Ruling [Doc. #130]**

The plaintiff requests that the court "promptly" rule on his Motion for Subpoena [Doc. #90]. Because I have denied the Motion for Subpoena as moot, the Motion for Ruling is also denied as moot.

**Motion for Leave to File Reply [Doc. #142]**

The plaintiff seeks leave to file a reply to the defendants' response [Doc. #139] to his motion for a writ of mandamus [Doc. #113] and his motion for injunctive relief [Doc. #123]. The plaintiff also seeks leave to conduct depositions to support the motions.

As discussed above, the final relief sought in the request for a writ of mandamus has been denied. In addition, I have recommended denial of the motion for injunctive relief on grounds unrelated to the defendants' arguments. Therefore, depositions and replies are not necessary. The Motion for Leave to File Reply is denied.

**Motion for Leave to File Amended Complaint [Doc. #152]**
**and Motion for Enlargement of Time to Respond to Motion to Dismiss [Doc. #98]**

The plaintiff seeks leave to file "and Amended and Supplemental Complaint." The plaintiff does not attach his proposed second amended complaint to either of the motions.

Rule 15, Fed. R. Civ. P., provides that a complaint may be amended once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. at 15(a)(2).

The defendants served a motion under Rule 12(b) on October 19, 2012. [Doc. #45]. Therefore, the plaintiff must either obtain consent from the defendants to amend his Amended Complaint or obtain leave of court.

The plaintiff has sought leave to amend by filing motions. However, the motions do not discuss the proposed amendments. A motion to amend a complaint must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed second amended complaint to the motion. The court cannot determine whether a plaintiff should be given leave to file an amended complaint unless the proposed amended complaint is submitted to the court for review. The proposed second amended complaint must be submitted on the court's form and shall be titled Second Amended Complaint. D.C.COLO.LCivR 8.1A (stating that "[a] pro se party shall use the forms established by this court to file an action"). The plaintiff must attach the entire proposed second amended complaint; he may not incorporate by reference his original Complaint or his Amended

Complaint into the second amended complaint. The second amended complaint must stand alone; it must contain all of the plaintiff's claims. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

The plaintiff's request for leave to amend his Amended Complaint is denied without prejudice subject to a renewed motion which complies with this order.

The plaintiff also seeks an extension of time to file a response to the defendants' Answer. The Federal Rules of Civil Procedure provide that there shall be a complaint and answer. Fed. R. Civ. P. 7(a). Further pleadings are prohibited except that the court may order a reply to an answer. Id. The court has not ordered a reply, and my review of the pleadings shows that a reply is not necessary. The plaintiff's request to respond to the defendants' Answer is denied.

The plaintiff further requests an extension of time to respond to the defendants' motion to dismiss [Doc. #45]. The motion has been pending since October 19, 2012. I granted the plaintiff until February 22, 2013, [Doc. #87] to respond to the motion. The plaintiff did not respond within the time allowed. Instead, he filed motions seeking leave to amend the Amended Complaint, stating that "it would seem to benefit all and be judicially economic if Plaintiff be granted leave to amend his Complaint and leave to file his Supplemental Complaint, and then after Defendants have had the opportunity to respond to same, that Plaintiff then respond, if necessary to any still pending Partial Motion to Dismiss . . . ." *Motion for Enlargement of Time to Respond to Motion to Dismiss* [Doc. #98], ¶ 5.[2]

---

[2]The plaintiff also states that he had requested leave to amend the Amended Complaint prior to filing these motions. *Motion for Enlargement of Time to Respond to Motion to Dismiss* [Doc. #98], ¶ 3. However, he does not identify the docket number of a previous request to

The plaintiff may not unilaterally postpone his response deadline on the assumption that the court will grant leave to amend the Amended Complaint. The plaintiff shall file his response to the defendants' motion to dismiss on or before August 12, 2013, regardless of whether he files a proper motion to amend the Amended Complaint. No further extensions of time will be granted.

Finally, the plaintiff requests that "an alternate US Magistrate Judge" be assigned to his case. *Motion for Leave to File Amended Complaint* [Doc. #152], p. 2, ¶ C. He states that my failure to timely rule on his motions "indicates [my] complicity to the complained violative acts of irreparable injury to Plaintiff and violate the Canons of Federal Judicial Conduct." Id. at ¶ 5. I construe the plaintiff's request as a motion to recuse.

The issue of recusal is addressed by two separate statutes. Disqualification of a judge under 28 U.S.C. § 144 requires the following showing:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit[3] that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

The statute does not command automatic disqualification. Hall v. Burkett, 391 F. Supp. 237, 240 (D. Okla. 1975). Rather, it is the duty of the judge against whom the affidavit is filed to

---

amend, nor does the record reflect a previous request to amend.

[3]The plaintiff states that he "affirm[s] to the truth of the statements made herein, to the best of my knowledge, under penalty of perjury." *Motion for Leave to File Amended Complaint* [Doc. #152], p. 1, ¶ 5. Whenever any rule requires that a matter be supported by affidavit, such matter may be supported by an unsworn declaration which is subscribed by the author as true under penalty of perjury and dated. 28 U.S.C. § 1746.

pass on its timeliness and legal sufficiency. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978; Hall, 391 F. Supp. at 240. "Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification." United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992) (citations omitted). The affidavit "must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992) (quotations and citations omitted).

The plaintiff makes only the conclusory allegation that he "contends" I have conspired with the defendants in all of their alleged wrongdoings because I have failed to timely rule on his motions. Under Burger and Green, the plaintiff falls far short of meeting his substantial burden to demonstrate that I am not impartial.

A party may also seek the disqualification of a judge under 28 U.S.C. § 455. Section 455 provides in relevant part:

> (a) Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court. In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

> Under § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted).

Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

> Thus, in addition to other factors, this and other courts have identified various matters arising in cases where §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification . . .: (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or a determination to impose severe punishment with the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the [parties], or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media . . .; and (7) threats or other attempts to intimidate the judge.

(Internal citations omitted.)

Also applicable here is the holding of the United States Supreme Court in Liteky v. United States, 510 U.S. 540, 555-56 (1994):

> It is enough for present purposes to say the following: First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, these are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current

> proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

The plaintiff has failed to set forth any reasons to justify my recusal under 28 U.S.C. § 455 or 28 U.S.C. § 144. A delay in addressing the plaintiff's extensive filings, most of which are improper, is not sufficient grounds to require disqualification based on claims of bias or partiality. Liteky, 510 U.S. at 555. Moreover, the plaintiff's fanciful and conclusory accusation of conspiratorial animus against him is frivolous. Stated simply, the plaintiff has presented no facts (nor made any specific allegations) from which a reasonable person could infer or conclude that I am biased or prejudiced against him. I hold no bias nor enmity against the plaintiff. Under these circumstances, I am required to continue to serve pursuant to the Order of Reference entered by the district judge.

The Motion for Leave to File Amended Complaint [Doc. #152] and the Motion for Enlargement of Time to Respond to Motion to Dismiss [Doc. #98] are granted to permit the plaintiff until August 12, 2013, to respond to the defendants' motion to dismiss; denied without prejudice to the extent they seek leave to amend the Amended Complaint; and denied in all other respects.

IT IS ORDERED:

(1) The Motion for Subpoena [Doc. #90] is DENIED as moot;

(2) The Motion for Issuance of a Writ [Doc. #113] is DENIED AS WITHDRAWN insofar as it seeks a writ of mandamus and DENIED to the extent it seeks issuance of a show cause order;

(3) The Motion Re: Local Rules [Doc. #116] is DENIED, and all future papers filed by the plaintiff shall be double-spaced in accordance with D.C.COLO.LCivR 10.1E;

(4) The Motion for Counsel [Doc. #121] is DENIED;

(5) The Motion for Appointment of Investigator [Doc. #127] is DENIED;

(6) The Motion to Compel [Doc. #127] is DENIED as moot;

(7) The Motion for Ruling [Doc. #130] is DENIED as moot;

(8) The Motion for Leave to File Reply [Doc. #142] is DENIED;

(9) The Motion for Enlargement of Time to Respond to Motion to Dismiss [Doc. #98] and the Motion for Leave to File Amended Complaint [Doc. #152] are DENIED WITHOUT PREJUDICE insofar as they seek leave to amend the Amended Complaint; GRANTED to permit the plaintiff an extension of time to August 12, 2013, to file a response to the defendants' motion to dismiss; and DENIED in all other respects;

(10) No further extensions of time to respond to the defendants' motion to dismiss will be granted;

(11) Any future attempts to amend the Amended Complaint must comply with this order; and

(12) The Clerk of the Court shall cause a copy of the court's complaint form to be mailed to the plaintiff.

Dated July 12, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge