IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02009-WYD-BNB

SANFORD B. SCHUPPER,

Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
LISA FITZGERALD,
RANDY OLGUIN,
JOE EASTON, and
JOHN AND JANE DOES,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises in connection with my Order to Show Cause [Doc. #160, issued

07/12/2013].  I respectfully RECOMMEND that this action be DISMISSED WITH

PREJUDICE.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as his advocate, Hall v.

Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and he must comply with "relevant rules of

procedural and substantive law."  Faretta v. California, 422 U.S. 806, 834 n.46 (1975).

The plaintiff is engaged in abusive litigation conduct.  Since initiating the case, the

plaintiff has inundated the court with filings.  In an earlier Order [Doc. #87, issued 01/11/2013],

I struck 31 filings finding that they were not relevant to any pending matter in this case, did not

seek any specific relief, were illegible, or were not in the form of a motion.  In addition, the

plaintiff failed to serve any of the materials on the defendants or provide a certificate of service. In striking these filings, I explained the requirements of Rule 5 of the Federal Rules of Civil Procedure, and I ordered the plaintiff to serve all future papers on the defendants in compliance with Rule 5.  I also ordered the plaintiff to cease filing inappropriate and redundant papers. Finally, I noted that the plaintiff had filed two motions for injunctive relief and multiple, piecemeal supplements to the motions.  I denied without prejudice the motions and supplements and ordered that "[a]ny future motions for injunctive relief must include all pertinent facts, arguments, and supporting evidence within that motion, state clearly the injunctive relief sought, and provide a meaningful discussion of the factors discussed in Lundgrin v. Claytor, 619 F.2d 61 (10th Cir.1980)."  I warned the plaintiff that failure to comply with my order would result in sanctions, including dismissal of this action with prejudice.

Subsequently, I struck an additional affidavit filed by the plaintiff in support of a previously filed motion for injunctive relief.  *Order issued January 15, 2013* [Doc. #89].  I ordered that "[a]ny future motions for injunctive relief and supporting affidavits shall be filed in compliance with the Federal Rules of Procedure and my previous order [Doc. #87]," and I warned the plaintiff that "[f]ailure to comply with this order will result in sanctions, including dismissal of this action with prejudice."  Id.

My orders notwithstanding, the plaintiff made an additional 13 filings, all guilty of the same shortcomings as I identified in my order of January 11, 2013.  On July 12, 2013, I struck the additional 13 filings [Doc. #160], and I again ordered the plaintiff to cease filing inappropriate and redundant papers; to file any future motions for injunctive relief in compliance with the Federal Rules of Civil Procedure and my previous orders; to cease filing piecemeal

supplements to his motions; serve all future papers on the defendants in compliance with Rule 5;

and format all future applications to the court in the form of a motion.  I again warned the

plaintiff that failure to comply with my order would result in sanctions, including dismissal of

this case with prejudice.  In addition, I ordered the plaintiff to show cause on or before August 9,

2013, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to

follow the Federal Rules of Civil Procedure and my orders.  I warned the plaintiff that failure to

show cause on or before August 9, 2013, would  result in my recommendation to the district

judge that this case be dismissed with prejudice.

The plaintiff did not file a response to my show cause order.  Instead, he filed a nine page

motion dated August 7, 2013, [Doc. #175] seeking an extension of 60 days to "response/object"

to the show cause order and other orders.  The motion was denied [Doc. #177] insofar as it

sought an extension of time to respond to my show cause order and granted to permit the

plaintiff a 14 day extension of time to file objections to my other orders.  The motion did not

contain any specific factual statements to support an extension of time to respond to the show

cause order; it contained only vague and conclusory statements regarding access to the law

library, wrongful actions of the defendants, and demands of other cases filed by the plaintiff.

Moreover, during the time he could have been filing a response to the show cause order,

the plaintiff filed several inappropriate papers. For instance, on July 25, 2013, the plaintiff filed

a "Renewed Motion for Entry of Clerk's Default and Default Judgement" against defendant Lisa

Fitzgerald [Doc. #171].  He states that he filed a proof of service on Ms. Fitzgerald [Doc. #7]; he

previously filed a motion for entry of default against Ms. Fitzgerald [Doc. #35]; and the court

"has failed to rule" on the motion.  However, the previously-filed motion for entry of default was

stricken [Doc. #87] because the plaintiff did not certify that he served a copy of the motion on

counsel for the defendants.  In addition, the plaintiff's request for entry of default is frivolous.  In

his proof of service [Doc. #7] the plaintiff states that he "personally served a Summons &

Complaint upon Lisa Fitzgerald" on July 26 2012.  Service of the Summons and Complaint may

only be accomplished by a non-party.  Fed. R. Civ. P. 4(e)(2).  Because the plaintiff is

proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Doc. #17], on August 27, 2012, the

court caused proper service of a request for waiver of service on Ms. Fitzgerald [Doc. #21].  Ms.

Fitzgerald waived service [Doc. #22], and she was not required to serve an answer to the

Complaint until October 26, 2012.  Fed. R. Civ. P. 4(d)(3).  She filed an Answer and a motion to

dismiss in part on October 19, 2012 [Docs. ## 45 and 46].

The plaintiff's failure to comply with my orders, coupled with his failure to show cause

why his case should not be dismissed, justifies dismissal of his case under D.C.COLO.LCivR

41.1.  Before imposing dismissal as a sanction, however, a district court must evaluate

appropriate factors, including the following:

> (1) the degree of actual prejudice to the [other party]; (2) the
> amount of interference with the judicial process; (3) the culpability
> of the litigant; (4) whether the court warned the party in advance
> that dismissal of the action would be a likely sanction for
> noncompliance; and (5) the efficacy of lesser sanctions.  Only
> when the aggravating factors outweigh the judicial system's strong
> predisposition to resolve cases on their merits is dismissal an
> appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations

omitted).  The circuit court also acknowledged in Ehrenhaus that "dismissal represents an

extreme sanction appropriate only in cases of willful misconduct."  Id. at 920.

Applying the Ehrenhaus factors, I find that the defendants have been prejudiced by the plaintiff's behavior. The defendants filed an Answer and a motion to dismiss in part on October 19, 2012 [Docs. ##45 and 46]. Instead of moving forward on the merits of the case, the defendants have been forced to respond to many of the plaintiff's inappropriate filings.

The plaintiff's repeated misconduct has substantially interfered with the judicial process. The plaintiff has littered the case file with inappropriate papers which do not meaningfully address the pertinent issues in the case. This has resulted in tremendous additional work for the court.

The plaintiff is obviously culpable. He was ordered to cease filing inappropriate papers and to serve all papers on the defendants; he was warned that failure to comply with my orders would result in my recommendation that this case be dismissed with prejudice; and he was warned that failure to show cause for his behavior would result in dismissal of his case. Nevertheless, he continued to file inappropriate papers, and he failed to show cause for his behavior.

A sanction less than dismissal with prejudice would not be effective. The plaintiff is proceeding *in forma pauperis*, and a monetary sanction would be ineffective. The plaintiff has repeatedly ignored unambiguous court orders and warnings, and he has failed to show cause for his conduct. His conduct shows a total lack of respect for the court and the judicial system. Dismissal with prejudice is the only effective sanction.

In summary, I find that under the specific facts of this case, and in particular the aggravating factors of the plaintiff's repeated misconduct--in the face of the my direct orders to

stop and accompanying warnings--outweigh the judicial system's strong predisposition to

resolve cases on the merits.  Accordingly,

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE for

the plaintiff's abuse of the judicial system and for his repeated failures to comply with orders of

this court.[1]

Dated August 14, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).