IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02009-WYD-BNB

SANFORD B. SCHUPPER,

     Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
LISA FITZGERALD,
RANDY OLGUIN,
JOE EASTON, and
JOHN & JANE DOES,

     Defendants.

---

**ORDER DENYING MOTION FOR RECONSIDERATION
AND
ORDER OVERRULING OBJECTIONS**

---

THIS MATTER is before the Court on Plaintiff's "Verified Objection to Magistrate Judge Boland's Order (ECF No. 159) Filed 12 July 2013 and Motion for Reconsideration of Minute Order Entered 12 August 2013 by Senior Judge Wiley Y. Daniel" (ECF No. 181).  For the reasons stated below, Plaintiff's Motion for Reconsideration is denied and Plaintiff's Objections are overruled.

By way of background, on August 12, 2013, I entered an Amended Minute Order granting in part and denying in part Plaintiff's multiple requests for extensions of time to file objections and responses to various orders and recommendations issued by Magistrate Judge Boland.  (ECF No. 177).  Plaintiff requests that I reconsider my ruling and grant *all* of his requests for enlargements of time.

There are three major grounds that justify reconsideration of a motion under Rule 59(e):  (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *see also Phelps*, 122 F.3d at 1324 ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence'") (quotation and internal quotation marks omitted).  Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete*, 204 F.3d at 1012.  Such a motion is committed to the trial court's discretion.  *See Phelps*, 122 F.3d at 1324.

In the case at hand, the Plaintiff has not advanced any change in the law or newly discovered evidence.  Moreover, he not shown any clear error in my ruling.  District courts have substantial inherent power to control and manage their dockets in order to achieve the orderly and expeditious disposition of cases.  *See In re Atlantic Pipe Corp.*, 304 F.3d 135 (1st Cir. 2002).  Finally, Plaintiff has not shown that I misapprehended the facts, his position or controlling law.  Accordingly, the only ground that the Plaintiff could possibly rely on in support of his motion is the need to prevent manifest injustice.  I find that the Plaintiff has not established this need.

In light of Magistrate Judge Boland's multiple orders thoroughly detailing the Plaintiff's history of filing voluminous, redundant, and burdensome papers coupled with the fact that Plaintiff has been granted numerous extensions of time to file various documents, Plaintiff's motion for reconsideration is denied.  (*See* ECF Nos. 57, 97, 174,

-2-

and 177).

Plaintiff also filed Objections to Magistrate Judge Boland's order denying various motions filed by Plaintiff including a motion for a writ of mandamus, discovery requests, the appointment of an investigator, and the appointment of counsel.  (ECF No. 159). Since Plaintiff's Objections are timely, I must review Magistrate Judge Boland's order to determine whether it is "clearly erroneous or contrary to law" since the nature of this matter is nondispositive.  Fed. R. Civ. P. 72(a).  "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made."  *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

Here, Plaintiff's Objections largely consist of conclusory statements asserting that Magistrate Judge Boland's rulings were erroneous or contrary to law.  Plaintiff also offers excuses as to why he has failed to comply with the Federal Rules of Civil Procedure, the governing rules of this Court, or Magistrate Judge Boland's prior orders. Based on my careful review, I cannot find that Magistrate Judge Boland abused his broad discretion to effectively manage this case or that his order issued July 12, 2013 was clearly erroneous or contrary to law.   Therefore, I overrule Plaintiff's Objections.

Accordingly, it is

ORDERED that Plaintiff's "Verified Objection to Magistrate Judge Boland's Order (ECF No. 159) Filed 12 July 2013 and Motion for Reconsideration of Minute Order Entered 12 August 2013 by Senior Judge Wiley Y. Daniel" (ECF No. 181) is **DENIED** to the extent that it requests reconsideration of my ruling.  Further, Plaintiff's Objections

are **OVERRULED**.

Dated:  August 26, 2013

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE