IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02009-WYD-BNB

SANFORD B. SCHUPPER,

        Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS,
LISA FITZGERALD,
RANDY OLGUIN,
JOE EASTON, and
JOHN & JANE DOES,

        Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on the Recommendation of United Sates

Magistrate Judge (ECF No. 178).  In his recommendation, Magistrate Judge Boland

recommends that this matter be dismissed with prejudice.  (Recommendation at 1).

The recommendation is incorporated herein by reference.  See 28 U.S.C. §

636(b)(1)(B), Fed. R. Civ. P. 72(b).

As explained in great detail in the recommendation and numerous Court orders

issued by both Magistrate Judge Boland and myself, the plaintiff is engaged in abusive

litigation conduct.  (Recommendation at 1).  Since the beginning of this case, "the

plaintiff has inundated the court with filings."  (Recommendation at 1).  In a previous

order, Magistrate Judge Boland struck 31 filings that "were not relevant to any pending

matter in this case, did not seek any specific relief, were illegible, or were not in the form

of a motion." (Recommendation at 1).

After repeated orders to plaintiff to cease filing inappropriate and redundant papers, "plaintiff made an additional 13 [inappropriate and redundant] filings." (Recommendation at 2).  Magistrate Judge Boland again struck the additional 13 filings and ordered "plaintiff to cease filing inappropriate and redundant papers; to file any future motions for injunctive relief in compliance with the Federal Rules of Civil Procedure and my previous orders; to cease filing piecemeal supplements to his motions; serve all future papers on the defendants in compliance with Rule 5; and format all future applications to the court in the form of a motion." (Recommendation at 2).  Again, plaintiff was warned that failure to comply with this order would result in sanctions including the dismissal of this case with prejudice.

Additionally, Magistrate Judge Boland "ordered the plaintiff to show cause on or before August 9, 2013, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to follow the Federal Rules of Civil Procedure and my orders." (Recommendation at 3).  Plaintiff was warned that failure to show cause on or before August 9, 2013, would result in Magistrate Judge Boland's recommendation that this case be dismissed with prejudice.  The plaintiff did not file a response to the show cause order.  Instead, he filed a nine page motion seeking an extension of 60 days to "response/object" to the show cause order and other orders.  I denied the motion to the extent that it sought an extension of time to respond to the show cause order.   (ECF No. 177).

In the recommendation, Magistrate Judge Boland thoroughly analyzed the

-2-

factors a district court must evaluate before imposing dismissal as a sanction. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). The analysis, conclusion, and recommendation are correct. (Recommendation at 4-6).

Magistrate Judge Boland advised the parties that written objections were due within fourteen (14) days after service of a copy of the recommendation. (Recommendation at 6). Despite this advisement, no objections were filed to the recommendation.[1] No objections having been filed, I am vested with discretion to review the recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the recommendation to "satisfy [my]self that there is no clear error on the face of the record."[2] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the recommendation, I am satisfied that there is no clear error on the face of the record, and I find the analysis to be thorough, well reasoned and sound. I agree with Magistrate Judge Boland that this matter should be dismissed with prejudice for the reasons stated in both the recommendation and this order.

Accordingly, it is

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

ORDERED the Recommendation of United Sates Magistrate Judge (ECF No.

178) is **AFFIRMED AND ADOPTED.**  This case is **DISMISSED WITH PREJUDICE.**

Dated:  September 26, 2013

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE